Judge Un.derwooi>,
delivered the opinion of the court.
AumstRong filed his bill against Ewing’s heirs, to recover from them, sundry tracts of land, patented in the name of their ancestor, and which he *69 obtained, as the bill alleges, by fraudulently assigning in a land warrant, plats and 1 to himself an interest 0 1 • I I 1 i . ,i ike. wine') belonged to the The bill lates, all the heirs certificates of survey, - plainant, then an infant. were infants but one. There is an answer filed in the name of the infants, “by their guardians ad litem, Daniel Thompson and Dabney C. Cosby,” as the answer but there does not appear any order of court, appointing them guardians, ad litem, to defend for the infants, Ihfants must sue hyprochr.in ami, and defend by guardian. Courts of chancery should appoint, always,special guardians to defend infants.
Infants must and”lcfend by-Courts of . shYSd^Uways appoint special guardians infants.
Infsnts authorize person to an-¿Yan aáS/ífe»l f0r an infant, record should show. 0,r.<ler him such-
Decree a-day, after their arrival cause a* gainst it.
There are circumstances in this case, to show that Thompson and Coshy were recognized by the court and the complainant, as having authority to act for the infants; but when the record is examined, no positive appointment, conferring authority, can he found. This is required by safe practice.
Whether this error, under these circumstances, would alone he sufficient to reverse the decree, need not he determined, as there are errors in other respects, requiring a reversal, even if a guardian had been regularly appointed. It does not give day to the infants to show cause against the decree, upon their arrival at full age: Sec Jameson, &c. vs. Mosely, IV Monroe, 416. The decree directs a conveyance by the defendants to the complainant, of all the right title and interest, held by the defendants in certain lands. The complainant had no right to demand from the defendants, any title held by them, except that which may have been derived under land warrant, No. 20307. The language of the decree is too general. The complainant’s exhibits have not been filed, corresponding with his bill. The court lias decreed to the complainant, a tract of seven hundred and seventy-four acres, on the roiling fork. There is nothing in the cause to show that the defendants had title to any such land, founded on land warrant, No. 2J307. The answer cannot be construed into a confession of the allegation of the bill, to that effect. There is a patent filed for TOO acres, to Charles Ewing, assignee of E. Dillard; but the land warrant' in consideration of which, this grant issued, bears the No.' 11189, instead of 20307; and there is nothing to show that the complainant was equitably entitled to *70 this land. We have deemed itproper to point outthese defects without going into the merits of the controversy, which may be presented in a different aspect, shoul 1 the case again come to this cou t..
Wickliffc and, Woolley, for plaintiffs; Hpggin, for de», fendants.
• The decree is reversed, and the case remanded, with directions to appoint a guardian ad litem, for the infants, and to permit them.to tile an answer, and for such other proceedings, as may be proper to prepare the cause for trial upon its merits. The plaintiffs must recover costs.